*Allison, Wright & Knapp*, for defendant.

-----•••-----

## ROGERS v. ALEXANDER.

Where an agreement was entered into "for the purpose of trial before the justice and in no other court;" such agreement should not be used on trial in the district court if objected to by one of the parties.

A party is entitled to a jury trial upon an issue of facts, even if those facts had been previously admitted by agreement, or if the party had agreed to submit the case to the court, but had withdrawn that agreement.

A prosecution for selling spirituous liquor in less quantity than one gallon, should be conducted in the name of "The State of Iowa."

*Error to Van Buren District Court.*

*Opinion by* WILLIAMS, C. J.   This is a proceeding commenced by plaintiff Alexander, as treasurer of Van Buren county, against Rogers the defendant, on the statute of 1840, page 25, for selling spirituous liquors in less quanti-

ty than one gallon, without license. Judgment was entered by the justice of the peace against the defendant, for the sum of thirty dollars and costs. He took an appeal to the district court. The cause was tried on the appeal, and a judgment entered for the same amount against the defendant, with costs. Defendant took exceptions to the proceedings in the district court. The case was tried by the judge without the intervention of a jury. The proceedings of the court in this trial are complained of as error. The plaintiff in error assigns several errors upon which a reversal of the judgment of the district court is urged. But two of these will be considered as important here. They are as follows, viz: 1. It was error to refuse the defendant the right of trial by a jury. 2. It was error to assess a fine against the defendant, when the prosecution was carried on in the name of an individual, and not in the name of "The State of Iowa."

On the trial of the cause before the justice, an agreement was filed by the parties, with the expressed understanding that it was "for the purpose of trial before the justice and in no other court." The agreement is in the following words. "In this case for the purpose of trial before the justice and in no other court, it is agreed by the parties that the defendant retailed spirituous liquors in Keosauqua, Van Buren county, Iowa, subsequent to the first of January, 1848, and before the date of the commencement of this suit; and that the defendant applied to the board of county commissioners of said county subsequent to the election, on the first Monday of April, 1847, and before the commencement of this suit for license, and that the commissioners refused to grant such license." This agreement was duly signed by the attorneys of the parties, and filed with the papers of the case before the justice. When the cause was called for trial on the appeal, in the district court, the attorney for the appellant, moved the court for leave to withdraw the agreement from the files, on the ground that by its terms, its operation was confined to the trial before the justice, and should not be used for

Rogers *v.* Alexander.

the purpose of trial in the district-court, without the consent of the parties thereto. , The leave to withdraw was refused by the court. The defendant's attorney then demanded a trial by jury. Upon this demand being made, the judge directed the clerk to proceed and call a jury for the trial of the cause. Whereupon the attorney for the plaintiff suggested, that he had no witnesses, by whom to prove the facts relied on for the conviction of the defendant. The court then proceeded without a jury, and gave judgment against the defendant and B. P. Marlow his security on the appeal bond, for thirty dollars and costs.

The judgment of the court affirms that of the justice, and is for the penalty under the statute. In the record for the judgment, it is stated, that the case was submitted to the court, notwithstanding the bill of exceptions sets forth the fact that the defendant's counsel before the entry of the judgment, insisted upon a trial by jury as his right. This being the case as presented by the record, we will proceed to consider it on the two assignments of error as above stated.

The constitution of this state, Art. 2, bill of rights provides that "the right of trial by jury, shall remain inviolate." The proceeding is on a penal statute, by which, on conviction, the defendent became liable to the payment of a fine. The fact to be ascertained was, the guilt or innocence of the accused. This fact could be established by the defendant pleading "guilty" or by evidence submitted to the jury of the contrary, upon the issue joined by the defendant's plea of "not guilty." It is true, that in cases of misdemeanor like this, it has sometimes been practice allowable, where the parties consent to waive a trial by jury, for the court to proceed to the hearing and final judgment of the case without the intervention of a jury. This however, can only be done by consent of the parties, and is then at the option of the judge. But we have not found a case heretofore, in this state at least, where the court refused the accused in a criminal proceeding, "the right of trial by jury," when claimed and insisted upon before

judgment; and when the fact in issue was his guilt or innocence. Even after the plea of "guilty" in confession of the accusation has been pleaded, it may be withdrawn, and the accused permitted to enter the plea of "not guilty" and proceed to a trial by jury. In the case at bar, the court has proceeded to judgment on the ground, that the case had been submitted to the judge by agreement of the parties; but the bill of exceptions allowed and certified by the court, certainly shows that if such a submission had been agreed on, it was withdrawn by defendant's counsel, in time for the exercise of his right to a jury trial. If the agreement which had been filed for the purpose of trial before the justice, were not properly before the court as evidence, and its withdrawal would have worked surprise on the prosecutor, it was in the power of the court, by the exercise of a sound discretion, to give time for the procurement of testimony on the part of the prosecution. By resuming the hearing, after a call of the jury had been directed, when informed that the prosecutor had no testimony to sustain the charge made against the defendant, we think the court erred. By operation of the statute, the case was in the district court for trial *de novo*. The accused had a constitutional right to a jury trial, unless he had waived it by plea, or otherwise.

The other assignment of error which it is proper to notice here, relates to the parties to the proceeding, and is founded on a provision of the constitution of this state.

This prosecution is criminal in its nature. By it under the statute, a misdemeanor punishable by fine, is charged upon the accused. It was commenced, March 21st, 1848, nearly two years after the provisions of the constitution were adopted, and in force. It could only be proceeded in as prescribed by the constitution. Art. 6, § 6, is as follows: "The style of all process shall be "The State of Iowa," and all prosecutions shall be conducted in the name and by the authority of the same." This being a prosecution which was instituted after the adoption of the constitution, it should have been conducted "in the name and

by the authority of the state of Iowa," and not in the name of the treasurer of the county, Gideon B. Alexander. It is true, the statute on which this prosecution is founded, directed this form so far as to designate the treasurer of the county to institute the action. But the constitution is the paramount law, and its requirements must be observed.

Judgment reversed.

*II. M. Shelby*, for plaintiff in error.

*Howell & Cowles*, for defendant.